IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**CHARLES GLENN PICKETT** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 3:13CV482 HTW-LRA**

**RONALD KING** **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Pickett filed a petition for writ of habeas corpus relief on August 6, 2013. Respondent filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the petition be dismissed for the reasons that follow.

Charles Pickett pled guilty to one count of murder in the Circuit Court of Franklin County, Mississippi, on April 6, 1999, and was sentenced that same day to life imprisonment in the custody of the Mississippi Department of Corrections. On November 12, 1999, Pickett's counsel filed a "Motion to Set Aside Guilty Plea and Set the Matter for Trial," which the trial court liberally construed as a motion for post-conviction relief and denied on the merits. The Mississippi Court of Appeals affirmed the trial court's decision in *Pickett v. State*, 861 So.2d 1049 (2003) *reh'g denied*, Sept. 23, 2003, *cert. denied,* Dec. 31, 2003. The mandate was subsequently issued on January 21,

2004. Pickett filed the instant petition for habeas relief on August 6, 2013.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been

---

[1] ECF Nos. 11-1-11-2; 13-1–13-4.

pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[2] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So. 3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

---

[2]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

3

Pickett entered his guilty plea before the effective date of the amendment. As such, he is credited with the 30-day period for direct appeals granted to petitioners who pled guilty prior to July 1, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, his conviction and sentence became final on May 6, 1999, 30 days after he was sentenced on April 6, 1999. To toll the statute of limitations, he was required to submit a "properly filed" application for post-conviction collateral relief in compliance with 28 U.S.C. § 2244(d)(2) on or before May 6, 2000. Because Pickett filed a motion for post-conviction relief prior to this date, he is entitled to statutory tolling for the pendency of the motion, from November 12, 1999, through January 21, 2004, when the mandate was issued by the state appellate court, for a total of 4 years, 2 months, and several days. *Watts v. Brewer*, 416 F. App'x 425 (5th Cir. 2011) (state appellate review becomes final on the date the mandate is issued); *see also Gray v. Univ. of Miss. Sch. of Med.*, 996 So.2d 75, 79 (Miss. Ct. App. 2008) (noting Mississippi Supreme Court's opinion not final until issuance of the mandate, even though opinion had been issued). Pickett's petition was therefore due on July 16, 2004. Absent additional statutory or equitable tolling, Pickett's habeas petition filed on August 6, 2013, is untimely.

Pickett does not dispute that his petition is untimely. He asserts that he is actually innocent and his guilty plea was not knowingly and intelligently made. In support, Pickett argues the same grounds raised in his state court motion for post-conviction relief: the ineffectiveness of counsel; the pre-indictment conduct of law enforcement officials;

his alleged incompetency at the time of his guilty plea; and the swiftness of his guilty plea following the commission of the crime and the indictment. He also appears to contend that his petition should not be dismissed because he fully exhausted these claims before filing his petition for habeas relief. However, the issue is not whether Pickett failed to exhaust his claims, but whether he has provided sufficient reasons for the statutory or equitable tolling of AEDPA's statute of limitations.

Although Pickett suggests in his traverse that he discovered numerous facts concerning the ineffectiveness of counsel and the conduct of law enforcement officials after entering his guilty plea, he has not shown that he pursued his rights diligently, or that rare and exceptional circumstances prevented him from timely filing. To the extent Pickett seeks to invoke the factual predicate exception outlined in 28 U.S.C. § 2244(d)(1)(D), he raises no new facts that were not known to him prior to the expiration of AEDPA's statute of limitations. The plain language of the factual predicate exception provides that AEDPA's limitations period begins running from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's habeas petition was filed nearly ten years after the federal statue of limitations expired.

Even if he had pursued his rights diligently, Pickett's actual innocence claim is insufficient to warrant either statutory or equitable tolling of the one-year limitations period. AEDPA's one year statute of limitations "contains no explicit exemption for

5

petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002). Nor has such an exception been recognized by either the United States Supreme Court or the Fifth Circuit as grounds for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000 ) (holding that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance [permitting equitable tolling], given that many prisoners maintain they are innocent"). Even if there were such an exception, to establish actual innocence, a petitioner must present "new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schulp v. Delo*, 512 U.S. 298, 327 (1995)). Pickett has presented no such evidence here. Further, the actual innocence claim was adjudicated on the merits and denied by the Mississippi Court of Appeals. Pickett has not demonstrated that he can "overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen*, 131 S.Ct. at 1400. *See also* 28 U.S.C § 2254(d)(2) (contemplating relief based on an "unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added).

In sum, Pickett has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 130 S.Ct.

at 2562.  None of Petitioner's remaining arguments warrant equitable or statutory tolling of the statute of limitations.  In the absence of any evidence warranting statutory or equitable tolling, his habeas petition is barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 6th day of May 2014.

/s/  Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE